63 So.2d 669

## STRANGE v. MILLER.

### 8 Div. 677.

Supreme Court of Alabama.

Feb. 26, 1953.

Scruggs & Scruggs, Guntersville, for appellant.

Starnes & Starnes, Guntersville, for appellee.

STAKELY, Justice.

Elmer Miller (appellee) filed his complaint against Marion I. Strange (appellant) in the court below as follows:

"And the plaintiff claims of the Defendant $1,715.00 due by promissory note made by him on the 16th day of January, 1950, and payable the 15th day of February, 1950, with interest thereon.

"And Plaintiff avers that in said note, and as a part thereof, the Defendant expressly waived his right to have any of his personal property exempted to him under the Constitution and Laws of the State of Alabama.

"Plaintiff avers that the Defendant in said note agreed to pay a reasonable attorney's fee for collecting said note if not

paid when due, and plaintiff further says that reasonable attorney's fee is $185.50"

On the trial of the cause the plaintiff offered in evidence plaintiff's Exhibit I, which is the note upon which the plaintiff sought judgment. So far as material here it reads in words and figures as follows: "1,715.00

Albertville, Ala., January 16th, 1950

"Begin on February 15th, 1950 I, or we promise to pay Elmer Miller, or order Seventeen Hundred Fifteen and no/100 ......Dollars for value received. And to secure the payment of this note and any other sum that I, or we may owe the payee before this note matures, we mortgage to said payee unincumbered property as follows: One 1949 Dodge Conventional Tractor, Motor No. T-150107769. This note payable $100.00 per month with interest at 6% beginning February 15th, 1950 and payable monthly thereafter at same rate until paid in full * * *"

On February 15, 1950, March 1, 1950 and April 15, 1950, the defendant paid to the plaintiff the sum of $100 with interest on each of these dates.

The introduction of the note in evidence was objected to on the ground of a variance between the complaint and the note as to the amount and as to the due date. The objection was overruled. The general affirmative charge in due form was requested by the defendant before the jury retired. The court refused to give the charge. The jury returned a verdict for the plaintiff and thereafter the defendant made a motion for new trial. The motion was overruled.

Referring to the complaint which has been set out above it is obvious that the due date of the note was not alleged under a videlicet. The complaint alleged that the same was payable on the 15th day of February, 1950. The note introduced in evidence affirmatively shows that it was payable in monthly installments of $100 each beginning February 15, 1950. There is, of course a substantial and material difference between an indebtedness of $1715 created on January 16, 1950 and due on February 15, 1950 and a similar debt created on January 16, 1950 and payable in monthly $100 installments beginning February 15, 1950. Accordingly, it is insisted by the appellant that since the variance was pointed out to the court in a special objection as to the variance and the affirmative charge requested on the same proposition, that the court was in error in allowing the note in evidence. Circuit and Inferior Court Rule 34, Code 1940, Tit. 7, Appendix.

On the hearing of the motion for a new trial the court ordered and adjudged that the judgment be reduced in the amount of $332. This reduction represented the installments with interest not due as of the date of the filing of the suit.

As pertinent to the question now before the court, we refer to the following testimony given by the appellant.

"Q. You gave a note for $1715.00 to this man over here? A. That's correct.

"Q. You paid $300.00 on it? A. Yes.

"Q. And $1415.00 is due on it, is that correct? A. That's right."

It seems to us that Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, is applicable to this case. The appellant has not shown any probability of his substantial rights being injuriously affected because the amount of the judgment as reduced by the court is for the amount which the appellant admits that he owes on the note. Rule 45 has been applied to a situation involving a variance. Raia v. Goldberg, 33 Ala.App. 435, 34 So.2d 620, certiorari denied 250 Ala. 398, 34 So.2d 625.

In the case of Life & Casualty Ins. Co. of Tennessee v. Latham, 255 Ala. 160, 50 So. 2d. 727, cited by appellant, there was a question as to whether or not a life insurance policy had become effective on or before the death of the insured. The date of its effectiveness, a material matter, was not laid under a videlicet and so it was held that the date should be proven as alleged. In the case at bar, without dispute the amount of the judgment is for the aggregate amount of monthly installments which

accrued after the alleged due date and before the suit was filed. We do not consider that the foregoing case governs this case.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.